**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| LEE DOUGLAS SMITH, ) | |
| ID # 1725728, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:13-CV-1119-L-BH |
| ) | |
| JACKIE MCGEE, et al., ) | |
|     Defendants. ) | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to follow orders of the court.

### I. BACKGROUND

The plaintiff initially filed this action in the Eastern District of Texas on March 8, 2013. (*See* doc. 1.) On March 14, 2013, his claims against certain defendants were transferred to this district. (*See* doc. 3.) By *Notice of Deficiency and Order* dated March 20, 2013, the plaintiff was advised that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP), and that he must submit an amended complaint that only set forth his claims against the defendants who had been transferred to this district. (*See* doc. 7.) The notice and order specifically advised the plaintiff that he must either pay the filing fee or file a motion to proceed IFP with the required certificate of trust account, and that he must submit his amended complaint, within thirty days. *Id.* The notice and order also advised him that a failure to comply could result in the dismissal of his case. *Id.*

The plaintiff filed an amended complaint on April 2, 2013, that only set forth claims against defendants in the Eastern District, and an IFP motion with no certificate of trust account. (*See* docs.

8, 9.) On April 3, 2013, the Court sent him a second *Notice of Deficiency and Order* advising him that his IFP motion did not contain the required certificate of inmate trust account, that he had still not submitted an amended complaint setting forth only his claims against the defendants in this district, and that he must file these documents within thirty days. (*See* doc. 9.) The second notice and order specifically advised the plaintiff that failure to comply with the order could result in the dismissal of his case. *Id.*

On April 17, 2013, the plaintiff filed an amended complaint that only set forth claims against new defendants also located in the Eastern District, and no certificate of trust account. (*See* docs. 8, 9.) More than thirty days from the date of the second notice and order have passed, but the plaintiff has not filed a certificate of trust account or an amended complaint setting forth only his claims against the defendants in this district.

## II.  INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the April 3, 2013 order that he submit a certificate of inmate trust account and an amended complaint setting forth only his claims against the defendants in this district within thirty days despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order, it should be dismissed under Rule 41(b) for failure to follow court orders.

### III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to follow orders of the court, unless the plaintiff submits a certificate of inmate trust account and an amended complaint setting forth only his claims against the defendants in this district within the time for objecting to this recommendation, or some other deadline set by the Court.

**SO RECOMMENDED on this 13th day of May, 2013.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE